VORYS, SATER, SEYMOUR AND PEASE LLP
Cory D. Catignani (SBN 332551)
*cdcatignani@vorys.com*
Hannah R. Green (SBN 340010)
*hrgreen@vorys.com*3675
4675 MacArthur Court, Suite 700
Newport Beach, California 92660
Telephone: (949) 526-7904
Facsimile: (949) 526-7904

Attorneys for Defendants
BIG LOTS STORES, LLC AND
BIG LOTS STORES – PNS, LLC

**UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

**FRESNO DIVISION**

| | |
|---|---|
| NOE CASTILLO,<br><br>Plaintiff,<br><br>v.<br><br>BIG LOTS STORES, LLC; BIG LOTS STORES — PNS, LLC; and DOES 1 to 20, Inclusive,<br><br>Defendants. | Case No.<br><br>Removed from:<br>Kern County Superior Court<br>Case No. BCV-23-102909<br><br>**DEFENDANTS' NOTICE OF REMOVAL**<br><br>State Court Action Filed: August 29, 2023<br>Trial Date: None Set<br>Removal Date: October 12, 2023 |

PLEASE TAKE NOTICE that Defendants Big Lots Stores, LLC and Big Lots Stores – PNS, LLC (collectively, "Defendants") hereby remove the above-captioned action from the Superior Court for the State of California, County of Kern, to the United States District Court for the Eastern District of California pursuant to 28 U.S.C. §§ 1332(a), 1441, and 1446.

As required by 28 U.S.C. § 1446(d), Defendants will file in the Superior Court and serve upon Plaintiff and his counsel of record a Notice to State Court of Removal of Civil Action to Federal Court (with these removal papers attached).

In support of this Notice of Removal, Defendants state the following:

**PROCEDURAL HISTORY**

1. Plaintiff Noe Castillo ("Plaintiff") filed his Complaint, captioned *NOE CASTILLO v. BIG LOTS STORES, LLC; BIG LOTS STORES, LLC; and DOES 1 through 20, inclusive, Defendants*, Case No. BCV-23-102909, in the Superior Court for the State of California for the County of Kern (the "State Court Action") on August 29, 2023. A true and correct copy of the Complaint is attached as **Exhibit 1** ("Complaint").

2. The Complaint was served on Defendants on September 12, 2023. *See* **Exhibit 1.**

3. Defendants filed an answer to Plaintiff's Complaint on October 11, 2023 ("Answer"). A true and correct copy of Defendant's Answer is attached hereto as **Exhibit 2**.

4. To the best of Defendants' knowledge, no other proceedings related hereto have been filed or heard in the Kern County Superior Court.

5. Pursuant to 28 U.S.C. § 1446(a), the attached exhibits constitute all process, pleadings, and orders filed or served in the State Court Action.

6. As required by 28 U.S.C. § 1446(d), Defendants are filing in the Superior Court of Kern and serving upon Plaintiff and his counsel of record a Notice to State Court and Adverse Party of Removal of Civil Action to Federal Court (with these removal papers attached). A true and correct copy of that Notice without its attachments is attached hereto as **Exhibit 3**.

///

///

## STATEMENT OF JURISDICTION

7. This Court has jurisdiction over this action based on diversity of citizenship, pursuant to 28 U.S.C. § 1332.

**A. The Parties' Citizenship**

8. Plaintiff is a resident and citizen of the State of California. Compl. at ¶ 1. For diversity purposes, a person's citizenship is determined by the state in which he is domiciled. *Lew v. Moss*, 797 F.2d 747, 749 (9th Cir. 1986). "A person is 'domiciled' in a location where he or she has established a 'fixed habitation or abode in a particular place, and [intends] to remain there permanently or indefinitely.'" *Id.* at 749–50. Upon information and belief, Plaintiff has established a fixed habitation in California, where he indefinitely intends to remain. Therefore, Plaintiff is, and was, at the institution of this civil action, a citizen of California.

9. Pursuant to 28 U.S.C. § 1332(c), "a corporation shall be determined to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." A corporation's principal place of business is "the place where a corporation's officers direct, control, and coordinate the corporation's activities." *Hertz Corp. v. Friend*, 130 S. Ct. 1181, 1192–93 (2010). On the other hand, a limited liability company is a citizen of the state of citizenship of each of its members for diversity purposes. *NewGen LLC v. Safe Cig, LLC*, 840 F.3d 606, 612 (9th Cir. 2016); *see Carmax Auto Superstores Cal. LLC v. Hernandez*, 94 F. Supp. 3d 1078, 1091 n.15 (C.D. Cal. 2015).

10. Defendants Big Lots Stores, LLC and Big Lots Stores – PNS, LLC are limited liability companies. The sole member of both Big Lots Stores, LLC and Big Lots Stores – PNS, LLC is Big Lots Management, LLC. The sole member of Big Lots Management, LLC is Big Lots, Inc. Big Lots, Inc. is a corporation organized under the laws of the State of Ohio, with its principal place of business and senior corporate officers located in Columbus, Ohio. Thus, Defendants Big Lots Stores, LLC and Big Lots Stores – PNS, LLC are citizens of the State of Ohio.

11. Plaintiff has named additional fictitious defendants ("DOES 1 to 20") in his Complaint. However, when "determining whether a civil action is removable under [28 U.S.C. § 1332(a)], the citizenship of defendants sued under fictitious names shall be disregarded." 28 U.S.C. § 1441(b)(1). Accordingly, Defendants disregard these fictitious defendants.

**B. Amount in Controversy**

12. Defendants deny Plaintiff's claims of wrongdoing and requests for relief; however, based on the allegations on the face of the Complaint, the amount in controversy exceeds the jurisdictional threshold of $75,000.

13. If diversity of citizenship exists, "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000[.]" 28 U.S.C. § 1332(a). "[T]he sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy[.]" 28 U.S.C. § 1446. Additionally, a defendant may utilize the allegations in a complaint to establish the amount in controversy. *Conrad Assocs. v. Hartford Accident & Indemn. Co.*, 994 F. Supp. 1196, 1198 (N.D. Cal. 1998).

14. The Complaint does not specify a particular amount of damages. Where a complaint does not state the amount in controversy, the removing defendant must establish by a preponderance of the evidence (*i.e.*, "more likely than not") that the amount in controversy exceeds $75,000. *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996). This is not a "daunting" burden and it does not obligate the removing defendant to "research, state, and prove the plaintiff's claims for damages." *Korn v. Polo Ralph Lauren Corp.*, 536 F. Supp. 2d 1199, 1204-05 (E.D. Cal. 2008). Instead, "the 'ultimate inquiry' is what amount is put 'in controversy' by the plaintiff's complaint, not what the defendant will actually owe." *Id.* (quoting *Rippee v. Boston Market Corp.*, 408 F. Supp. 2d 982, 986 (S.D. Cal. 2005)).

15. In determining whether it is more likely than not that the amount in

controversy exceeds $75,000, federal courts consider: (a) the allegations in the complaint, facts in the removed petition, and any summary judgment-type evidence that is submitted; (b) jury verdicts involving similar allegations and claims; (c) emotional distress damages; and (d) punitive damages. *See, e.g.*, *Matheson v. Progressive Specialty Ins.*, 319 F.3d 1089, 1090 (9th Cir. 2003); *Gibson v. Chrysler Corp.*, 261 F.3d 927, 947 (9th Cir. 2001); *Perez v. Baxter Healthcare Corp.*, No. 2:12-cv-08075, 2012 U.S. Dist. LEXIS 160051, at *4–5 (C.D. Cal. Oct. 31, 2012). A district court may also estimate the amount in controversy. *Tiffany v. O'Reilly Auto. Stores, Inc.*, No. CIV. S-13-0926, 2013 U.S. Dist. LEXIS 130082, at *6 (E.D. Cal. Sept. 11, 2013).

16. In the Complaint, Plaintiff asserts the following claims against Defendants: (1) Discrimination in Violation of FEHA; (2) Failure to Prevent Discrimination (FEHA); (3) Harassment in Violation of FEHA; (4) Failure to Prevent Harassment in Violation of FEHA; (5) Retaliation in Violation of FEHA; (6) Failure to Prevent Retaliation (FEHA); (7) Wrongful Termination in Violation of Public Policy; (8) Failure to Engage in a Timely Good Faith Interactive Process in Violation of FEHA; and (9) Failure to Provide Reasonable Accommodation. Compl. at ¶¶ 18–66. These allegations stem from Plaintiff's employment and subsequent termination from Big Lots. More specifically, Plaintiff alleges that he was retaliated and discriminated against on the basis of disability during his employment and termination. *See* Compl. at ¶¶ 8–17. Accordingly, damages awards in employment discrimination cases are relevant here.

17. Recent jury verdicts involving similar claims in both state and federal courts in California have exceeded the amount in controversy. *See, e.g.*, *Godinez v. Alta-Dena Certified Dairy, Ltd.*, 714 F. App'x 759 (9th Cir. 2018) (affirming award of $544,505 in wrongful termination action); *McCarthy v. R.J. Reynolds Tobacco Co.*, 2011 U.S. Dist. LEXIS 103823, at *1–2 (E.D. Cal. Sep. 13, 2011) (jury verdict awarding $800,000 in discrimination and retaliation case); *see also Barbara*

*Anderton v. Bass Underwriters, Inc.*, No. 34-2013-00149236-CU-WT-GDS, 2015 Jury Verdicts LEXIS 11387 (Sacramento Cty. Sup. Ct. Jan. 18, 2016) ($3,500,000 non-economic damages award to plaintiff alleging discrimination and retaliation).

18. In the Complaint, Plaintiff seeks damages for lost wages. *See* Compl. at ¶¶ 20, 27, 33, 39, 44, 50, 56, 59, 64, and Prayer for Relief. At the time of his termination on or around September 25, 2021, Plaintiff was earning approximately $19.00 per hour. Plaintiff worked an estimated 37.89 hours per week during his employment, and was earning approximately $754.79 per week for all wages earned, including overtime. Since Plaintiff was terminated September 25, 2021, he has experienced approximately two years (approximately 104 weeks) of alleged wage loss at the time of removal. Based on his estimated average weekly earnings, Plaintiff's alleged wage loss is approximately $78,498.16 ($754.79 x 104 weeks). Thus, Plaintiff's alleged wage loss alone exceeds the amount in controversy requirement.

19. Plaintiff also seeks damages for emotional distress. *See* Compl. at ¶¶ 21, 28, 34, 40, 45, 51, 56, 60, 65, and Prayer for Relief. When considering emotional distress damages for the amount in controversy analysis, courts look to "damages awarded in similar cases in the geographic area." *Amado v. U.S. Bancorp*, No. SACV 15-00871-JLS, 2015 U.S. Dist. LEXIS 128730, at *5 (C.D. Cal. Sept. 24, 2015). Courts throughout the Ninth Circuit have regularly held that emotional distress damages in employment cases can be substantial, often exceeding $75,000. *See Greta L. Anderson v. Am. Airlines Inc.*, No. 3:05-cv-04292-SI, 2008 Jury Verdicts LEXIS 35822 (N.D. Cal. July 17, 2008) ($1,000,000 non-economic damages award to plaintiff alleging discrimination, retaliation, and wrongful termination in violation of public policy); *see also Hurd v. Am. Income Life Ins.*, No. CV-13-05205 RSWL-MRW, 2013 U.S. Dist. LEXIS 147849, at *17 (C.D. Cal. Oct. 10, 2013) ("Punitive damages and emotional distress damages in discrimination

cases can be 'substantial' even when lost wages fall short of the jurisdictional minimum").

20. Plaintiff seeks attorneys' fees associated with this action as well. *See* Compl. at ¶¶ 21, 30, 47, 53, and Prayer for Relief. Attorneys' fees may be included in the amount in controversy if recoverable by statute or contract. *Simmons v. PCR Tech.*, 209 F. Supp. 2d 1029, 1034 (N.D. Cal. 2002). Under the Fair Employment and Housing Act ("FEHA"), attorneys' fees are recoverable as a matter of right to a prevailing party. *Id.* at 1034. When assessing attorneys' fees for the purpose of determining the amount in controversy, a court should consider "the amount that can reasonably be anticipated at the time of removal, not merely those already incurred." *Id.* at 1035. Applying this principle, courts have awarded substantial attorneys' fees in employment cases. *See, e.g.*, *Jadwin v. Cty. of Kern*, 767 F. Supp. 2d 1069, 1141 (E.D. Cal. 2011) (awarding prevailing plaintiff under FEHA $573,700 in attorneys' fees); *Viveros v. Donahoe*, No. CV 10-08593 MMM (Ex), 2013 U.S. Dist. LEXIS 46867, at *42 (C.D. Cal. Mar. 27, 2013) (awarding $217,273 in attorneys' fees in wrongful termination case).

21. Finally, Plaintiff seeks punitive damages in this case. *See* Compl. at ¶¶ 22, 29, 35, 41, 46, 52, 56, 61, and Prayer for Relief. It is "well established that punitive damages are part of the amount in controversy for a civil action." *Gibson v. Chrysler Corp.*, 261 F.3d 927, 945 (9th Cir. 2001). This Court has held that punitive damages in employment cases regularly exceed $200,000 and such damages "may alone satisfy the amount in controversy." *Castle v. Lab. Corp. of Am.*, CV 17-02295-BRO (PLAx), 2017 U.S. Dist. LEXIS 73701, at *14–15 (C.D. Cal. May 15, 2017) (citing *Ko v. Square Group, LLC*, Case No. BC 487739 (Sup. Ct. Cal. June 16, 2014) (disability discrimination case; punitive damages $500,000)); *see generally Stevens v. Von Companies, Inc.*, Case No. SC041162, 2006 WL 4543812 (Sup. Ct. Cal. Oct. 1, 2006) (discrimination case awarding punitive damages of $475,000).

22. For the foregoing reasons, this Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) because the amount in controversy threshold has been met and complete diversity of citizenship exists between Plaintiff and Defendants, provided Plaintiff has stated a claim and has not caused any procedural defects. Accordingly, this case meets all requirements for removal and is timely and properly removed by the filing of this Notice of Removal.

**PROCEDURAL REQUIREMENTS**

23. Pursuant to 28 U.S.C. § 1446(b), Defendants filed this removal within 30 days of its first receipt of a copy of the Complaint, Summons, and Civil Case Cover Sheet in the State Court Action. Service was perfected on or about September 12, 2023.

24. Plaintiff initially filed this action in the Superior Court for the State of California, County of Kern. Venue is proper in this district, pursuant to 28 U.S.C. §§ 84(b), 1391(b)(2), and 1441(a), because it encompasses the county in which this action is pending.

25. Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders served upon Defendants are attached to this Notice of Removal.[1] Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served upon counsel for Plaintiff and a copy is being filed with the Clerk of the Superior Court for the State of California, County of Kern.

26. Big Lots Stores, LLC and Big Lots Stores – PNS, LLC are the only named Defendants and all consent to this Removal as evidenced by the signature of their counsel below.

27. Pursuant to Local Rule 7.1-1, a Notice of Interested Parties is being filed concurrently with this Notice of Removal of Civil Action to Federal Court.

/ / /

[1] In conformity with the requirement of 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders served upon Defendants in the State Court Action, including the Complaint and Summons, are attached.

**RESERVATION OF RIGHTS**

28. The removal of this action to the Eastern District of California does not waive Defendants' abilities to assert any defense to this action, including the right to move to dismiss this action pursuant to Rule 12 of the Federal Rules of Civil Procedure or the right to compel arbitration pursuant to the Arbitration Agreement signed by Plaintiff and Defendants. This Notice of Removal is filed subject to and with full reservation of rights. No admissions are intended hereby, and all defenses, motions, and pleas are expressly reserved.

**WHEREFORE**, Defendants respectfully request this matter be removed from the Superior Court of the State of California, for the County of Kern, to the United States District Court for the Eastern District of California and that all proceedings hereafter in this matter take place in the United States District Court for the Eastern District of California.

Dated: October 12, 2023 VORYS, SATER, SEYMOUR AND PEASE LLP

/s/*Cory D. Catignani*
Cory D. Catignani
Attorney for Defendants
BIG LOTS STORES, LLC AND
BIG LOTS STORES – PNS, LLC